UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TYRONE HUNT,                          )
      Plaintiff,                  )
                              )
      v.                          )
                              )     C.A. No. 13-11321-RWZ
ALL NEO-NAZIS                        )
(White Supremacists), et al.,        )
      Defendants.                 )
〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜 )


TYRONE HUNT,                          )
      Plaintiff,                  )
                              )
      v.                          )
                              )     C.A. No. 13-11323-RWZ
D.C. METROPOLITAN POLICE             )
DEPARTMENT,                          )
      Defendant.                  )
〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜 )

TYRONE HUNT,                          )
      Plaintiff,                  )
                              )
      v.                          )
                              )     C.A. No. 13-11324-RWZ
                              )
HON. COLLEEN KOLLAR-KOTELLY,         )
      Defendant.                  )

MEMORANDUM AND ORDER

June 20, 2013

ZOBEL, D.J.

      For the reasons stated below, the Court grants plaintiff's requests to proceed in forma pauperis , dismisses the three actions, and enjoins plaintiff Hunt from filing any future lawsuits without first submitting a written petition seeking leave to do so, and obtaining permission from the Court.

BACKGROUND

On May 23, 2013, Tyrone Hunt, a resident of Washington, D.C., filed three handwritten complaints. The Clerk assigned these three actions as related to Hunt v. State of Connecticut, et al., C.A. No. 13-12401-RWZ (dismissed Feb. 20, 2013), aff'd, No. 13-1234 (1st Cir. Apr. 5, 2013). See District of Massachusetts Local Rule 40(G)(1) (related civil cases).

Hunt is a frequent filer of frivolous litigation and has had filing restrictions imposed upon him by the federal district courts for the District of Columbia and the Eastern District of California. See 01/11/13 Order, Docket No. 18, Hunt v. All Sweepstakes Contests, No. C-12-4197-EMC (E.D. Calif. Jan. 11, 2013); 01/09/09 Order, Docket No. 8, Hurt v. The Declaration of Independence, No. 07-0647 (D.D.C. Jan. 9, 2009).

Earlier this year, the undersigned warned Hunt of the Court's discretionary power to regulate the conduct of abusive litigants by restricting future filings. Hunt v. United States District Court Judge Edward M. Chen, et al., C.A. No. 13-10197-RWZ (dismissed Feb. 20, 2013), aff'd, No. 13-1355 (1st Cir. Apr. 23, 2013). Despite this warning, Hunt has simultaneously filed the instant lawsuits against (1) a federal judge from the District of Columbia (concerning alleged misinterpretation of the Constitution as applied to Hunt's pending lawsuit), (2) the D.C. Metropolitan Police Department (concerning two police officers who allegedly informed Hunt that he could not sit and study in any public library), and (3) several defendants identified as "all neo-nazis" (concerning alleged efforts of illegal, violent organizations "bent on destroying the very fabric of a civilization as the country of lynching, murders or any other restrictive mechanisms").

2

DISCUSSION

I.    Plaintiff's Requests to Proceed In Forma Pauperis

In the "Affidavit of Poverty" section of each complaint, plaintiff requests leave to proceed in forma pauperis.   Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action.  See 28 U.S.C. § 1915(a)(1).  Plaintiff avers that because of his poverty he is unable to pay the filing fee for each action.    The requests to proceed in forma pauperis are allowed.

II.    Screening of the Complaints

Because plaintiff has sought to proceed without the prepayment of the filing fee, the complaints are subject to review to determine if they satisfy the requirements of Section 1915 of Title 28, the federal in forma pauperis statute.  See 28 U.S.C. § 1915. Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915 (e)(2); Neitzke v. Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).  Although "dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard ... is disfavored in federal practice," where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal sua sponte is appropriate. Id. at 36–37.

3

In conducting the preliminary screening, plaintiff's <u>pro</u> <u>se</u> pleadings are construed generously.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972);  <u>Rodi v. New Eng. Sch. of Law</u>, 389 F.3d 5, 13 (1st Cir. 2004).

    III.    <u>The Three Complaints are Subject to Dismissal</u>

It is clear that Hunt seeks to by-pass the procedures for seeking redress in the District of Columbia by filing these actions in the District of Massachusetts.  This he cannot do.  First, this Court has no power to directly review the decisions of another United States District Court judge. <u>See</u> 28 U.S.C. § 1291 ("the courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States").  Next, his <u>Bivens</u>[1] claim against the police department is subject to dismissal because the doctrine of respondeat superior is not available.  <u>See</u> <u>Fraternal Order of Police, D.C.</u> v. Rubin, 26 F. Supp. 2d 133, 146 n. 8  (D.D.Cir. 1998) (citing <u>Boykin v. District of Columbia</u>, 689 F.2d 1092, 1097-99 (D.C. Cir. 1982).   Third, the allegations in the complaint against the neo-nazis fail to state claims on which relief may be granted.  Finally, it is also clear that granting plaintiff leave to amend would be futile. <u>Abraham v. Woods Hole Oceanographic Inst.</u>, 553 F.3d 114, 117 (1st Cir.2009) (motion for leave to amend "should be granted unless the amendment would be futile or reward undue delay.") citing <u>Adorno v. Crowley Towing & Transp. Co.</u>, 443 F.3d 122, 126 (1st Cir.2006)).  Thus, plaintiff's complaints are subject to dismissal for failure to state claims upon which relief may be granted.

---

[1]<u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), established a direct cause of action against federal officials for violations of the federal constitution.

Upon review of the submissions in this case, and taking judicial notice of the other actions brought by plaintiff, the Court finds the instant actions are frivolous, vexatious, repetitive, abusive and they fail to state claims upon which relief may be granted.

IV.     Restrictive Filing Injunction

Plaintiff Hunt has filed dozens of complaints around the country, none of which have met with any success.  Unfortunately, these meritless complaints demand untold hours of effort on the part of the Court.  The instant actions are just more of the same. Here, plaintiff has again presented complaints raising claims for which he does not have standing or for which relief may not be granted.

In the Court's Order dated February 20, 2013, Hunt was advised that the federal courts possess discretionary powers to regulate the conduct of abusive litigants by restricting future filings.  See Hunt v. United States District Court Judge Edward M. Chen, et al., at p. 4 (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993).  The simultaneous filing of three meritless lawsuits is abusive and vexatious[2] and justifies the issuance of a restrictive filing order.  The First Circuit has instructed that such restrictions must be narrowly tailored to the abusive conduct at issue. Cok v. Family Court of Rhode Island, 985 F.2d at 34.

_____

[2]Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); accord Alexander v. United States, 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist"). Vexatious conduct may be found even in the absence of subjective bad intent, Local 285 Serv. Employees Int'l, 64 F.3d at 737.

Given Hunt's persistence in filing complaints that are legally and factually insufficient, that name as defendants entities not liable for the claims asserted, that are filed in courts without jurisdiction to adjudicate the claims and without personal jurisdiction over the defendants named, an order enjoining all filings without prior approval by a judge of this court is fully warranted and appropriate.  See Vasile v. Dean Witter Reynolds Inc., 20 F. Supp. 2d 465, 506 (E.D.N.Y. 1998), aff'd 205 F.3d 1327 (2d Cir. 2000) ("a substantial sanction is needed to send a message that this litigation must be set to rest").  Cf. In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. 124, 131 (S.D.N.Y. 1999) (holding that "[t]he continued assertion of a factual or legal argument long after that argument has proven to be completely baseless is sanctionable conduct, as is 'the waste of judicial resources and resulting inefficiencies and delays that affect all actual and potential litigants in the federal courts.'") (internal citations omitted).

Plaintiff is enjoined from filing any further pleadings in these actions and from filing any additional or new claims, cases, complaints, or other documents in this Court, in any manner, way or form, without first obtaining written approval of a judge of this Court.

IV.    No Good Faith Ground for Appeal of Dismissals Exists

Because the plaintiff is receiving leave to proceed  in forma pauperis, Fed. R. App.  P. 24(a)(3) would ordinarily permit plaintiff to continue in forma pauperis status for an appeal. However, 28 U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, "state in writing the reasons

6

for the denial."

Based on Hunt's litigation history, and his failure to state a claim upon which relief can be granted, any appeal by Hunt of the dismissal of these three actions would not be taken in good faith.  The good faith standard is an objective one, and an appeal is considered not taken in good faith if the appeal seeks review of issues that are frivolous.  See Coppedge v. United States, 369 U .S. 438, 445 (1962).  An appeal is deemed frivolous when it is based on an "indisputably merit less legal theory or factual allegations that are clearly baseless." Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991). Therefore, the undersigned certifies that any appeal of the dismissals would not taken in good faith.  The restrictive filing prohibition will not preclude plaintiff from exercising any appeal rights he may have concerning the restrictive filing injunction and from filing a timely Notice of Appeal of such.

## ORDER

Based upon the foregoing, it is hereby ORDERED:

1. Plaintiff's requests to proceed in forma pauperis are ALLOWED.

2. The complaints are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

3. Plaintiff is enjoined from filing any further pleadings in this action and from filing any additional or new claims, cases, complaints, or other documents in this Court, except to effect an appeal of the restrictive filing injunction, without first obtaining written approval of a judge of this Court by filing a written  petition seeking leave of Court to do so.  The petition must be accompanied by a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing.  The Clerk of Court shall accept the documents, mark them received, and forward them for action on the petition to a judge of this Court authorized to act on  matters on the Miscellaneous Business Docket of the Court.  Any documents which are submitted for filing by the plaintiff in violation of this Order shall not be filed or docketed by the Clerk's Office, but shall be returned by the Clerk's

Office to the plaintiff.

4.      The Court certifies that any appeal of the dismissals would not taken in good faith.

                              SO ORDERED.

                               /s/ Rya W. Zobel
                              UNITED STATES DISTRICT JUDGE